AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| JEREMY HOBSON and WILLIAM GIBBS | ) | Case No. 14-6141-Valle |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 8, 2014__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. 841(a)(1) | Possession with the Intent to Distribute a Controlled Substance; The defendants did knowingly and intentionally possess with the intent to distribute a controlled substance, that is, Methamphetamine a schedule I controlled substance, in violation of Titles 21, U.S.C. 841(a)(1) and 18 U.S.C. 2 |
| 21 U.S.C. 846 | Attempted Possession with the Intent to Distribute a Controlled Substance; The defendants did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, that is, Methamphetamine, a schedule I controlled substance, in violation of Titles 21, U.S.C. 846 and 18 U.S.C. 2 |

This criminal complaint is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.

_Complainant's signature_

Crystal J. Connors, Special Agent, DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 05/08/2014

_Judge's signature_

City and state: Ft. Lauderdale, FL

Alicia O. Valle, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Crystal Connors, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (hereinafter referred to as the "DEA") assigned to the Miami Field Division in Miami, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since November 2012, and I have been assigned to the Miami Field Division since January, 2013. I have specialized in investigations involving narcotics trafficking and money laundering. I have received training on the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Jeremy HOBSON and William GIBBS for violations of Title 21, United States Code, Section 841, relating to Possession with the Intent to Distribute a Controlled Substance, that is, Methamphetamine and the Attempted Distribution of a Controlled Substance, that is, Methamphetamine, in violation of Title 21, United States Code, Section 846.

3. On May 8, 2014, the Broward Sheriff's Office Narcotics Interdiction Task Force was conducting a parcel interdiction operation at the Hollywood Fed Ex Sort Facility. FedEx

management contacted Detective Thompson in reference to a suspicious white powder they believed to be coming from a particular sort bin containing multiple packages. FedEx management located a package that was the source of the white powder. It was at this time, that FedEx management opened the package which was found to contain an Ajax container. Detective Thompson further inspected the Ajax container which revealed a hidden compartment. Upon opening the compartment, Det. Thompson observed what he recognized to be a clear baggy containing suspected methamphetamine. A subsequent field test confirmed it was in fact methamphetamine. The package was addressed to Billy GIBBS at
Wilton Manors, Florida.

4. At approximately 9:30 am, BSO Detectives conducted a controlled delivery to the above address. Detective Gonzalez walked up to the residence posing as a person who had mistakenly received the package. As he approached the residence, he made contact with a male and asked him where apartment 7 was located. The male pointed him in the direction of apartment 7, Detective Gonzalez then asked him if he knew "Billy." The male identified himself as Billy. Detective Gonzalez asked Billy what his last name was; Billy responded with "Gibbs." Detective Gonzalez asked GIBBS if he was waiting on package and GIBBS confirmed that he was. At this time, GIBBS followed Detective Gonzalez back to his vehicle and subsequently took possession of the package from Gonzalez. After a brief conversation, Detectives made contact with GIBBS and identified themselves at law enforcement.

5. Detective Gonzalez asked GIBBS if anyone else was inside of the residence. GIBBS advised that another male "Jeremy," later identified as Jeremy HOBSON, was inside of the residence. GIBBS gave permission for law enforcement to go inside of this residence. At this time, law enforcement made contact with Jeremy HOBSON and advised him of the nature of the investigation. HOBSON advised Detective Gonzalez that he was expecting an Ajax container of

methamphetamine. Both HOBSON and GIBBS gave consent for a search of the residence and the package. The approximate weight of the methamphetamine was 84 grams.

8. Detective Gonzalez advised HOBSON of his *Miranda* rights, which he waived. HOBSON gave a post-*Miranda*, recorded statement wherein he admitted to ordering the shipment of methamphetamine and intended on selling the methamphetamine. HOBSON advised that this was approximately the eleventh package of methamphetamine that he has received. GIBBS also gave a post-*Miranda*, recorded statement in which he admitted to accepting the package of methamphetamine and that he intended on assisting in its distribution. GIBBS advised that this was the second time he has assisted HOBSON in the receiving packages of methamphetamine.

9. Based on the above information and facts, your affiant submits there is probable cause to believe that Jeremy HOBSON and William GIBBS, did knowingly agree to possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841, and did attempt to possess with the intent to distribute that same methamphetamine, in violation of Title 21, United States Code, Section 846.

*FURTHER YOUR AFFIANT SAYETH NAUGHT*

CRYSTAL J. CONNORS, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed to and sworn before me
this 8th day of May, 2014.

Hon. Alicia O. Valle
UNITED STATES MAGISTRATE JUDGE